**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TRACY ELIZABETH AL-AWADI,
          Appellant,

      v.

DEPARTMENT OF JUSTICE,
          Agency.

DOCKET NUMBER
SF-0752-23-0378-I-1

DATE: March 21, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

Tracy Elizabeth Al-Awadi, Las Vegas, Nevada, pro se.

Judson R. Peverall and Luke Archer, Springfield, Virginia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her reduction in grade appeal as untimely filed without good cause shown for the delay. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant, a GS-09 Administrative Support Specialist with the agency's Drug Enforcement Administration (DEA), was assigned to its Rome, Italy Country Office from October 2016 to February 2023. Initial Appeal File (IAF), Tab 1 at 1-2, 8. Before transferring overseas, the appellant signed a Return Assignment Agreement, or "mobility agreement," which states, in relevant part, that "[i]f a temporary promotion assignment request for [her] tour extension beyond the 5-year maximum was approved, the temporary promotion [would] be made permanent and, upon completion of the tour extension, [she would] return to a domestic position at the same grade held overseas." *Id.* at 9-10. While overseas, the agency temporarily promoted the appellant to the GS-11 Administrative Support Specialist position, effective October 29, 2017. *Id.* at 8. She remained in that position for over 5 years until her tour ended and the agency reassigned her to a GS-09 Mission and Operations Support Specialist position in its Las Vegas District Office. *Id.* at 7-8. The Standard Form 50 (SF-50) documenting the action indicated that it was a "[change] to lower grade, level or band," effective February 26, 2023. *Id.* at 7. The SF-50 also included the remark "action at employee's request." *Id.*

On May 15, 2023, the appellant filed the instant appeal challenging a "reduction in grade, pay, or band" and arguing that the agency violated a provision of her mobility agreement. *Id.* at 1-2. The administrative judge did not issue a jurisdictional order to the parties. Instead, she issued a timeliness order because it appeared that the appeal may be untimely filed. IAF, Tab 4. The administrative judge instructed the appellant to file evidence and argument demonstrating that her appeal was timely filed or that good cause existed for the delay. *Id.* The appellant submitted several responses wherein she argued good

cause for her untimely filing. IAF, Tabs 5, 7, 9, 10, 11. Specifically, she argued that, amongst other things, the agency knew that a demotion was not acceptable to her, it did not fulfill its obligation to search for an appropriate domestic reassignment to the GS-11 level, and she was "completely overwhelm[ed]" during the filing period after returning from overseas to an uninhabitable home, living out of a hotel, and dealing with her court case against her former tenants. IAF, Tab 5 at 4, Tab 10 at 4-20.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown for the delay. IAF, Tab 12, Initial Decision (ID) at 1, 8. The administrative judge found that the appeal was untimely filed; the agency had no obligation to provide the appellant notice of her appeal rights because the appellant did not show that the agency knew, or should have known, that she considered the action involuntary or adverse; and even if the agency had such an obligation, the appellant did not show that she acted with due diligence after having actual knowledge of her appeal rights. ID at 3-8. Thus, she found that she did not establish good cause for the delay in filing her appeal. ID at 8.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under chapter 75, an employee's reduction in grade may be appealed to the Board. 5 U.S.C. §§ 7512(3), 7513(d). The appellant has the burden of proof on the issue of jurisdiction, and when she makes a nonfrivolous allegation of Board jurisdiction, she is entitled to a hearing on the jurisdictional question. *Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006). A nonfrivolous allegation of Board jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id.* To constitute an appealable action, the reduction in grade at issue must

be involuntary. *Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶ 12 (2007). It is undisputed that the appellant experienced a reduction in grade when the agency reassigned her to its Las Vegas District Office after her overseas assignment ended. IAF, Tab 1 at 2, 7, Tab 8 at 5-7. However, the parties dispute whether the appellant requested or voluntarily accepted the reduction in grade. IAF, Tab 1 at 2, Tab 5 at 4, Tab 8 at 6-7, Tab 10 at 4, 20. Thus, this appeal presents a question of whether the appellant suffered an appealable action.

<u>The issues of jurisdiction and timeliness are "inextricably intertwined" because there is a question of whether the appellant suffered an appealable action.</u>

The existence of Board jurisdiction is the threshold issue in adjudicating an appeal. *See Higgins v. U.S. Postal Service*, 86 M.S.P.R. 447, ¶ 6 (2000). However, in an untimely appeal, a jurisdictional determination is not deemed to be in the Board's interests of adjudicatory efficiency and fairness to the parties involved if the record is sufficiently developed to show that the appeal should be dismissed because no good cause exists for the untimely filing. *Id.* Such an approach is not appropriate, however, if the jurisdictional and timeliness issues are "inextricably intertwined," that is, if the resolution of the timeliness issue depends on whether the appellant was subjected to an appealable action. *Id.*

The issues of timeliness and jurisdiction are generally considered to be inextricably intertwined in an involuntary action appeal because a failure to inform an employee of Board appeal rights may excuse an untimely filed appeal and whether the agency was obligated to notify the employee of such appeal rights depends on whether the employee was affected by an appealable action. *See Hanna v. U.S. Postal Service*, 101 M.S.P.R. 461, ¶ 6 (2006); *see also Wright v. Department of Transportation*, 99 M.S.P.R. 112, ¶ 13 (2005) (acknowledging that when the voluntariness of the personnel action is in question, jurisdiction and timeliness are inextricably intertwined, and the issue of timeliness cannot be resolved before deciding the jurisdictional issue).

In dismissing the appeal as untimely filed without good cause, the administrative judge determined that the record was sufficiently developed to determine timeliness separate from the issue of jurisdiction. ID at 3. We disagree. As explained further below, the appellant raised nonfrivolous allegations that her reduction in grade was involuntary. IAF, Tab 1 at 2, 9-10, Tab 5 at 4, Tab 10 at 4, 20. Therefore, the resolution of the timeliness issue depends on whether she was subjected to an appealable action. Thus, it was improper for the administrative judge to dismiss this appeal as untimely filed. *See Higgins*, 86 M.S.P.R. 447, ¶¶ 9-10.

<u>The appeal must be remanded for a jurisdictional hearing because the appellant made a nonfrivolous allegation that her reduction in grade was involuntary.</u>

If an appellant makes a nonfrivolous allegation casting doubt on the voluntariness of her acceptance of a reduction in grade, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *See Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 9 (2010). Merely pro forma allegations are insufficient to meet the standard, however. *Id.* In determining whether the appellant has made such a nonfrivolous allegation, the administrative judge may consider the agency's documentary submissions. *Id.* However, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Id.*; *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

An appellant may establish that her acceptance of a reduction in grade was involuntary, and thus within the Board's jurisdiction, by presenting sufficient evidence that it was the result of duress or coercion brought on by the agency or her reasonable reliance on misleading statements by the agency. *Harris*, 114 M.S.P.R. 239, ¶ 8; *Reed v. U.S. Postal Service*, 99 M.S.P.R. 453, ¶ 12 (2005), *aff'd*, 198 F. App'x 966 (Fed. Cir. 2006). Likewise, even if an employee accepts

a reduction in grade, that action may nevertheless be appealable if the employee can show that the agency deprived her of any meaningful choice in the matter. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8, 11 (2013) (observing that an employee may establish Board jurisdiction over a constructive adverse action such as an involuntary demotion by proving, among other things, that she lacked a meaningful choice in the matter and it was the agency's wrongful actions that deprived her of that choice).

Although the appellant did not explicitly use the terms "involuntary" or "constructive" in her pleadings below, she appeared to allege that her reduction in grade was involuntary because the agency demoted her to a GS-09 position in violation of the mobility agreement. IAF, Tab 1 at 2, 9-10, Tab 5 at 4, Tab 10 at 4, 20. In particular, the appellant asserted that she did not request, nor did she have a choice in, a reassignment to a GS-09 position, and she repeatedly asked the agency to honor the mobility agreement, which entitled her to return to a domestic position at the GS-11 level. IAF, Tab 1 at 2, 9-10, Tab 5 at 4, Tab 10 at 4, 20. We find that the appellant's statements are sufficient to constitute a nonfrivolous allegation that she had no choice but to accept reassignment to the GS-09 position because the agency failed, or possibly refused, to honor the mobility agreement.

The appellant also alleged facts that, if proven, demonstrate that the agency knew, or should have known, that she considered the action involuntary. IAF, Tab 1 at 2, Tab 5 at 4, Tab 10 at 4, 20. Specifically, she asserted that the agency knew that she considered reassignment to a lower grade was an unacceptable demotion. IAF, Tab 5 at 4. In support of her assertion, the appellant explained that the agency initially reassigned her to a GS-07 position, which she repeatedly said she did not want to accept, only to learn that the agency reassigned her to a GS-09 position when she reported for duty in Las Vegas. PFR File, Tab 1 at 8, IAF, Tab 5 at 4, Tab 10 at 4, 20. She also alleged that the positions and grades

"were and still are in a transition of upgrades," and she continued to question her grade. PFR File, Tab 1 at 8; IAF, Tab 5 at 4.

To the extent that the administrative judge found that the appellant voluntarily accepted the GS-09 reassignment, she erred. ID at 3-6. Here, the appellant was not provided notice of the jurisdictional issues in a jurisdictional order, the agency's pleadings, or the initial decision, precluding any dismissal on jurisdictional grounds on review. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Moreover, the mobility agreement and the circumstances under which the appellant's overseas assignment was ending and reassignment was necessary complicates such a finding without a proper jurisdictional analysis. *See, e.g., Kinsella v. Department of Health and Human Services*, 41 M.S.P.R. 643, 647-48 (1989) (finding that the administrative judge erred in failing to make specific findings on the issue of the appellant's mobility agreement because the circumstances surrounding it were relevant to the appellant's claims of an involuntary downgrade and enforced leave). Nonetheless, even without such notice, we find that the appellant made nonfrivolous allegations that her reduction in grade was involuntary. IAF, Tab 1 at 2, 9-10, Tab 5 at 4, Tab 10 at 4, 20. Accordingly, we find that the appellant is entitled to a hearing on the issue of jurisdiction. *Harris*, 114 M.S.P.R. 239, ¶ 11.

On remand, if the administrative judge finds that the Board lacks jurisdiction over the appellant's involuntary reduction in grade, she shall dismiss the appeal for lack of jurisdiction. If, however, she finds that the Board has jurisdiction over the appellant's claim, then she shall proceed to adjudicate the appeal on the merits.[2]

---

[2] Although, as explained above, the issues of jurisdiction and timeliness are inextricably intertwined here, the administrative judge need not address the timeliness of the appeal because we find that the appellant established good cause for her untimeliness. Here, the appellant is pro se; she was not advised of her appeal rights or how to establish jurisdiction over her alleged involuntary claim, and a delay of 45 days, considering the circumstances, is not indicative of a lack of due diligence on the appellant's part. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

**ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.